# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 50240 | **DATE** | 6/13/2002 |
| **CASE TITLE** | Dekalb Genetics Corp., et al. vs. Pioneer Hi-Bred Int'l | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's consolidated motion for costs and attorney's fees

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Pioneer's consolidated motion for costs and attorney's fees is granted in part and denied in part: Pioneer is awarded its costs in cases 96 C 50113 and 96 C 50240 but is denied its request for attorney's fees in those two cases. Pioneer shall file its Bill of Costs within twenty-one days from the date of this order. If the parties are unable to agree as to the costs reasonably and necessarily incurred by Pioneer in these two cases, DeKalb shall file any objections to the Bill of Costs within ten days after it is filed, and Pioneer shall file its response thereto within seven days thereafter.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | JUN 13 2002 | |
| | Notified counsel by telephone. | | date docketed | 278 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 6-13-02 | |
| | | | date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

This order addresses Pioneer's consolidated motion for costs and attorney's fees under Federal Rule of Civil Procedure 54(d) and 35 U.S.C. § 285 in case numbers 96 C 50113 and 96 C 50240. The first question this motion raises is who the "prevailing party" in these two consolidated cases is. On November 10, 1998, this court granted DeKalb's motion under Rule 41(a)(2) to voluntarily dismiss with prejudice all of its charges of infringement in these two cases and entered judgment accordingly. As the relatively scarce authority nearly unanimously indicates, such a voluntary dismissal with prejudice had the effect of conferring on Pioneer "prevailing party" status under Rule 54(d). See Cantrell v. International Bhd. of Elec. Workers, 69 F.3d 456, 456, 458 (10th Cir. 1995) (en banc); Schwarz v. Folloder, 767 F.2d 125, 130 (5th Cir. 1985); see also Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir. 1997) (per curiam), abrogated on other grounds by Association of Mexican-Am. Educators v. California, 231 F.3d 572 (9th Cir. 2000); First Commodity Traders, Inc. v. Heinold Commodities, Inc., 766 F.2d 1007, 1015 (7th Cir. 1985); 10 Daniel R. Coquillette, et al., Moore's Federal Practice § 54.171(3)(c)(iv) (3d ed. 2001); 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2667, pp. 209-10 (3d ed. 1998). DeKalb does not at all question this authority but argues instead that it is really the "prevailing party" once the litigation between the parties is viewed "in its entirety." Referring to a settlement agreement resolving nine other related but separate cases filed in this court and involving the same parties, certain aspects of which were favorable to DeKalb, DeKalb claims it was the overall victor in the litigation between the two companies. Even assuming this characterization is accurate, the court simply cannot accept DeKalb's "lost the battle but won the war" approach to determining who is the prevailing party in the two, and only two, cases before it in the pending motion. The fact is that DeKalb voluntarily dismissed its infringement claims *in these two cases* with prejudice, leaving Pioneer the prevailing party for Rule 54(d) purposes *in these two cases*. The court thus finds Pioneer is entitled to its costs for cases 96 C 50113 and 96 C 50240.[1]

Turning to Pioneer's request for attorney's fees, the court assumes *arguendo* Pioneer is the prevailing party under 35 U.S.C. § 285, and rejects DeKalb's argument that it is really the prevailing party, for the same reasons stated above. Even so, the court finds these are not the sort of "exceptional" cases to warrant an award of attorney's fees. See id. As the moving party, Pioneer bears the burden of proving by clear and convincing evidence that these are "exceptional cases" under § 285 because DeKalb pursued them in bad faith, engaged in vexatious or unjustified litigation, or filed frivolous suits. See Reactive Metals & Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582 (Fed. Cir. 1985); see also Hoffmann-La Roche Inc. v. Invamed Inc., 213 F.3d 1359, 1365 (Fed. Cir. 2000); Cambridge Prods., Ltd. v. Penn Nutrients, Inc., 962 F.2d 1048, 1051-51 (Fed. Cir. 1992). This requires "proof of actual wrongful intent" or "gross negligence" – i.e., that DeKalb "recklessly concluded that [Pioneer] infringed." Machinery Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 473 (Fed. Cir. 1985).

Pioneer's essential argument here is that long before DeKalb filed these two actions it knew Pioneer's "protoplast uptake method of transformation" (a.k.a. the "T25 event") did not infringe, either literally or under the doctrine of equivalents, on the three DeKalb patents at issue in these cases (the '520, '880, and '877 patents), which used instead the method of "microprojectile bombardment." As evidence of this, Pioneer points to a declaration by Dr. Christopher Flick, DeKalb's Director of Research, and exhibits attached thereto, to show Dr. Flick (and therefore DeKalb) understood at least by May 1995 – a year before these cases were filed – how the T25 event worked and that it, not microprojectile bombardment, was used to create Pioneer's "PAT corn products." It also offers excerpts of deposition testimony from various researchers in the area to show that the T25 event does not infringe on the microprojectile bombardment method. In response DeKalb refers to evidence in the record supporting its theory that the T25 event and microprojectile bombardment are legally equivalent. Although DeKalb's evidence is not particularly compelling, the court finds it does establish at a minimum that DeKalb's decision to file these two actions was not made in bad faith or completely lacking a factual foundation. It is true DeKalb has relied on carefully selected portions of depositions to support its equivalence argument, but Pioneer is equally guilty of the same thing in compiling its evidence that the two methods are not equivalent. The court has also carefully considered Pioneer's remaining arguments and evidence, including the trial testimony of Dr. Nicholas Everett in a related patent suit that was tried in Delaware and DeKalb's refusal to produce the opinion (if any) of the outside counsel it retained before filing suit, but finds they add little in proving the "exceptional" nature of these two cases. In short then, the court finds Pioneer has not shown by clear and convincing evidence that DeKalb filed these actions in bad faith so as to justify an award of attorney's fees under § 285.

Alternatively, even assuming these cases fall into the "exceptional" category, the court would nevertheless exercise its discretion not to award attorney's fees under § 285. See Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1378 (Fed. Cir. 2001) (stating that even if court finds case is exceptional under § 285, court may still exercise its discretion not to award fees). Besides the reasons stated in the previous paragraph, additional reasons weigh against an award of fees in these cases. In particular, although not relevant in determining who is a "prevailing party," the court finds it proper in determining whether to assess fees to view the litigation between these parties as a whole, rather than looking at these two cases in isolation. No less than eleven separate infringement or noninfringement cases have been filed in this court over the last six years, all involving DeKalb's and Pioneer's corn product-related patents. These cases were especially complex and discovery-intensive. One of these cases eventually went to trial, ending in a hung jury. The parties also engaged in very extensive settlement discussions, which lead to the complete settlement of nine of these cases. Viewed in this broader context, imposing attorney's fees against DeKalb in just these two cases would ignore the reality of the entire and much larger dispute between these parties. With nine of the eleven cases already settled, the court does not see how fee shifting in the remaining two cases would serve any useful purpose as an "instrument of justice." Id.

For the reasons stated above, Pioneer's consolidated motion for costs and attorney's fees is granted in part and denied in part: Pioneer is awarded its costs in cases 96 C 50113 and 96 C 50240 but is denied its request for attorney's fees in those two cases.

---

[1] That said, the court appreciates and shares DeKalb's concern about sorting out the costs related to these two cases from the other nine cases. For that reason Pioneer's costs are limited to those that were reasonable and necessary to just these two cases. In other words, Pioneer may not recover costs related *only* to cases *other* than 96 C 50113 or 96 C 50240. The parties are to try compromising on their own as to which costs are pertinent to these two cases. Pioneer shall file its Bill of Costs within twenty-one days from the date of this order; if no compromise is reached, DeKalb shall file any objections thereto within ten days thereafter; and Pioneer shall file its response thereto within seven days thereafter.