# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 50240 | **DATE** | 8/23/2002 |
| **CASE TITLE** | DeKalb Genetics Corp. vs. Pioneer Hi-Bred Int'l, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's consolidated bill of costs

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This case is consolidated with case no. 96 C 50113 for purposes of this Memorandum Opinion and Order. For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's objections to defendant's consolidated Bill of Costs are granted in part and denied in part. The court enters the revised amount of $200,165.21 for defendant's consolidated Bill of Costs in these two cases, which is hereby included in the judgment pursuant to Rule 54.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | 3 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 26 2002 date docketed | |
| | Notified counsel by telephone. | | | |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 AUG 23 PM 3:46 | AUG 26 2002 date mailed notice | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

In an order dated June 13, 2002, this court ruled, among other things, that Pioneer is entitled to its costs under Fed. R. Civ. P. 54 in case numbers 96 C 50113 and 96 C 50240 ("the 113 and 240 cases"). Pursuant to that order, Pioneer has filed a consolidated Bill of Costs, detailing its costs in the 113 and 240 cases, DeKalb has filed a response thereto, outlining various objections to the Bill of Costs, and Pioneer has filed a reply thereto.

DeKalb's primary objection stems from a disagreement about the meaning of the court's previous order. In that order, the court stated: "Pioneer's costs are limited to those that were reasonable and necessary to just these two [the 113 and 240] cases. In other words, Pioneer may not recover costs related *only* to cases *other* than 96 C 50113 or 96 C 50240." DeKalb Genetics Corp. v. Pioneer Hi-Bred Int'l, Inc., Nos. 96 C 50113, 96 C 50240, 2002 WL 1308651, *1 n.1 (N.D. Ill. June 13, 2002) (emphasis in original). Focusing on the first sentence, DeKalb interprets this passage to mean Pioneer is limited to those costs that are related exclusively to the 113 and 240 cases – i.e., Pioneer must show the costs are not related to any of the other cases involving these parties that were filed in this court. This is certainly not what the court had in mind. Pioneer may indeed recover costs that are related to both the 113 and 240 cases *and* any of the other cases, so long as the costs are in fact related to the 113 and 240 cases. To put it another way, the only costs Pioneer may *not* recover are those (as the court said in its earlier order) that are related *only* to cases *other* than the 113 or 240 cases. This is, in the court's opinion, the only sensible way of reading 28 U.S.C. § 1920. So long as the costs were "necessarily obtained for use" in the 113 and 240 cases, they may be recouped, *even if* they were *also* "necessarily obtained for use" in some other case. Thus, DeKalb has it backwards when it says Pioneer would have incurred the same costs in the other cases, regardless of the 113 and 240 cases. Rather, the relevant question is whether the costs Pioneer incurred were necessarily obtained in the 113 and 240 cases standing alone, regardless of the other cases.

DeKalb also implies that reading § 1920 in this way would allow Pioneer to make an end-run around the parties' settlement agreement. That agreement called for each side to bear its own costs in the other cases. Thus, by making DeKalb pay for the costs in the 113 and 240 cases that are also related to the other cases, Pioneer is in effect getting more than it should under the terms of the settlement. Perhaps this is so, but there is nothing the court can do about it. The agreement specifically reserved Pioneer's right to seek its costs in the 113 and 240 cases and, as just discussed, this necessarily includes costs that may also happen to be related to the other cases.

Apart from these overall objections, DeKalb challenges some of Pioneer's costs in particular. First it argues Pioneer has improperly billed it for copies of certain documents made when Pioneer switched law firms to handle the 113 and 240 cases midway through the litigation. Specifically, Pioneer has charged DeKalb for copies the first firm made when the second firm took over so that the latter would have a "complete set of DeKalb's production documents." The court agrees that copies made for co-counsel are not recoverable. Because the first firm easily could have turned over its own set of the documents to the second firm, making an extra set of copies was not necessary. Pioneer cites Williams v. Waltierra, No. 00 C 5374, 2002 WL 424634 (N.D. Ill. Mar. 19, 2002), in support of its position but, as DeKalb correctly points out, this case allowed a party to recover for copies made to a co-*defendant's* counsel. See id. at *2. There is obviously quite a difference between providing an initial set of copies to a completely separate party and providing an additional set of copies to co-counsel for the *same* party. The court therefore reduces the Bill of Costs by $3311.75.[1]

Next DeKalb objects to Pioneer's internal copying costs. Besides arguing Pioneer has not shown these costs were necessary to "just" the 113 and 240 cases, an argument the court has already disposed of above, DeKalb also claims the internal copying costs for Pioneer's second firm is nearly double those of its first firm. It deduces from this that the second firm must have internally copied all of the documents relating to all of the cases starting from the very beginning. But as Pioneer reasonably explains, the bulk of the depositions in these cases were taken after it had switched firms, so naturally the second firm would have incurred more internal copying charges than the first firm, which handled only the initial phases of the litigation. As this explanation is borne out by the record, and DeKalb does not question whether the copies were in fact necessarily obtained for use in the 113 and 240 cases (even though they also may have been obtained for use in the other cases) or whether the amount of costs sought are reasonable, the court awards Pioneers its requested internal copying costs in full.

DeKalb also objects to "Live Note," a service that allows attorneys to view a real time transcription of a deposition on their computers while the deposition is taking place. This court regularly denies costs for items such as minuscripts or diskettes of deposition transcriptions because they are merely for the convenience of the attorneys and it does not see why it should treat "Live Note" any differently. Pioneer, however, suggests "Live Note" was necessary to avoid duplicate questions during the depositions in light of the court's order to consolidate discovery in all of the related litigation between the parties. While "Live Note" certainly may have made this task somewhat *easier*, the court is hard-pressed to believe it was *necessary*. Pioneer also points out that all the attorneys, from both sides, used "Live Note" during the depositions. That may well be, and that may also mean Pioneer will end up paying for DeKalb's share of "Live Note," but this still does mean it was "part of the stenographic transcript *necessarily* obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added). The court thus has deducted all charges for "Live Note" or "Interactive Realtime" from the deposition invoices (Def. Exh. A, Bates nos. 5, 18, 19, 22, 26, 29, 39-45, 48-50, 57-58, 60, 63, 64, 66-76, 78-79, 101-05, 108-19). According to the court's calculations, this comes to a total of $38,498.20 (which the court recognizes is $2322.00 less than DeKalb's "rough estimate" of $40,282.20).

Finally, DeKalb objects to copies Pioneer obtained of depositions taken in cases other than any of the consolidated cases pending in this court – specifically, cases filed in the District of Delaware. The court, however, does not see, and DeKalb does not explain, why such deposition transcripts are any different from all of the depositions taken in the other cases in *this* court but which it tacitly concedes (by not objecting to them) were also related to the 113 and 240 cases. As the Delaware cases involved the same parties, and DeKalb offers the court no reason to doubt that Pioneer obtained copies of these depositions because they were reasonably necessary for use in the 113 and 240 cases, the court in its discretion awards these costs to Pioneer.

For the reasons stated above, the consolidated Bill of Costs is reduced by $41,809.95. The consolidated Bill of Costs is therefore awarded in the amount of $200,165.21.

---

[1] DeKalb similarly accuses Pioneer of double billing for copies of depositions, one each for Pioneer's two law firms. It does not, however, point to a single specific instance of this in the rather voluminous Bill of Costs. With no evidence of such "double charging," the court overrules this objection.