Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 96 C 50240 | **DATE** | 9/23/2002 |
| **CASE TITLE** | DeKalb Genetics Corp. vs. Pioneer Hi-Bred International, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's motion for partial reconsideration

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] This case is consolidated with case no. 96 C 50113 for purposes of this order. For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for partial reconsideration of the court's August 26, 2002 order regarding plaintiff's bill of costs is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 23 2002 date docketed | |
| | Docketing to mail notices. | | | 281 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 9-25-02 date mailed notice | |
| /LC | courtroom deputy's initials | 02 SEP 23 PM 2:39 | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

The time has long since passed for these two cases to come to an end.

In a motion filed on September 9, 2002, DeKalb has requested "partial reconsideration" of the court's order of August 23, 2002 (mailed and docketed on August 26), which set the amount of costs Pioneer was to receive for its consolidated Bill of Costs in case numbers 96 C 50113 and 96 C 50240 ("the 113 and 240 cases"). Because the motion was filed within ten days from the date of the August 23 order, the court considers it a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). But because DeKalb has not brought to the court's attention any "manifest error of law or fact, or newly discovered evidence," the motion is denied. Bordelon v. Chicago Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000).

DeKalb essentially argues Pioneer is only entitled to 40% of its consolidated bill of costs, as this represents the percentage of costs attributable to the 113 and 240 cases. Because there were three other cases pending between the parties at the time the 113 and 240 cases were pending, and because the parties settled these three other cases with each party bearing its own costs, and because the court allowed Pioneer to recover for costs that were related to the non- 113 and 240 cases, so long as they were also necessary for use in the 113 and 240 cases, DeKalb believes it is only fair to reduce Pioneer's costs by 60%, so as to deduct the amount of costs attributable to the other three cases. The court sees two reasons for rejecting this argument.

First, DeKalb either never bothered to bring up this argument in responding to the consolidated bill of costs in the first place, or did so in only the most backhand way. Although it previously argued the court should only award those costs related exclusively to the 113 and 240 cases, it did not mention the idea that, if the court were to award costs shared between all the cases, it should nevertheless proportionately reduce those costs. Because DeKalb easily could have up brought up this argument before, but did not do so, the court will not consider it on a Rule 59 motion.

Nor does the court believe that failing to reduce the costs as DeKalb requests is a manifest error of law. DeKalb does cite a case in its motion to suggest that not reallocating the costs would be an abuse of discretion, but it is not, in the court's opinion, on point. In In re Air Crash Disaster, 687 F.2d 626 (2d Cir. 1982), 36 individual plaintiffs went to trial and obtained a jury verdict in their favor against an airline arising out of an airplane crash. After the trial, but before the clerk taxed costs, 17 of the 36 plaintiffs settled with the airline but stipulated that the settlement was "without costs." In awarding costs to the remaining 19 plaintiffs, the airline asked the district court to make a pro rata reduction for those plaintiffs who had settled. The district court disagreed and awarded costs to all of the 36 plaintiffs who had gone to trial. On appeal, the Second Circuit reversed, holding it was error for the court to include in its award of costs those expenses incurred on behalf of both the non-settling and settling plaintiffs. See id. at 629. This makes perfect sense but is beside the point in this case. Here, there is no doubt that Pioneer incurred all of the costs included in its consolidated Bill of Costs, and that those costs were reasonable and necessary for the 113 and 240 cases. To make a pro rata reduction of the costs as DeKalb suggests would deny Pioneer the costs that it undeniably incurred in the 113 and 240 cases – costs it would have incurred anyway, regardless of the other three cases. The court has already declared Pioneer the prevailing under Rule 54 in these two cases. It is entitled to the full amount of its costs in those cases.

For the reasons stated above, DeKalb's motion to reconsider is denied.